In re FIDELITY AMERICA MORTGAGE CO., A Pennsylvania Corporation

In re WHISPERING BROOK ASSOCI-ATES, a Kentucky limited partnership, Debtors.

FIRST NATIONAL BANK OF LOUISVILLE, a Pennsylvania Corporation, Plaintiff,

v.

FIDELITY AMERICA MORTGAGE CO., A Pennsylvania Corporation, Whispering Brook Associates, and Norman M. Kranzdorf, Trustee, Defendants.

Bankruptcy Nos. 81–00386G, 81–00394G. Adv. 81–1176G, 81–1177G.

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 4, 1981.

Jack B. Justice, Joseph A. Dworetzky, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff, First Nat. Bank of Louisville.

Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants, Fidelity America Mortgage Co. and Whispering Brook Associates.

Norman M. Kranzdorf, Kranzco Realty Inc., Bala Cynwyd, Pa., Trustee.

Alexander N. Rubin, Jr., Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for trustee, Norman M. Kranzdorf.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for secured mortgage noteholders in FAMCO.

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., and Lawrence R. Scheetz, Richboro, Pa., Co-counsel for creditors' committee in FAMCO.

Elizabeth K. Heinze, Drexel Hill, Pa., Chairwoman, unsecured creditors' committee in FAFCO.

### MEMORANDUM OPINION [1]

EMIL F. GOLDHABER, Bankruptcy Judge:

The evidentiary question before us is whether certain documents (copies of a letter and the return receipts from the mailing of that letter) are admissible over the objection of the defendants. We conclude that those documents are admissible because

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

they have been properly authenticated, they are material and relevant to the issues involved in this adversary proceeding and they are not objectionable as hearsay.

 The parties, in this regard, have stipulated that (1) the documents in question are true and correct copies and are authentic, (2) testimony could be produced to the effect that the return receipts in question are those resulting from the mailing of the letter in question and (3) testimony could be produced to the effect that the return receipts evidence delivery of the letter to the persons whose signatures appear thereon.[2] Therefore, we conclude that those documents have been properly authenticated. Furthermore, they are material and relevant to the instant proceeding because they go to the issue of whether the interests of the defendants in the property, which is the subject of this proceeding, were terminated, under Kentucky law, by the sending of the above letter. Finally, because those documents are being offered, not for the truth of what is stated therein, but only to establish an operative fact—i. e., that notice of default was sent—they do not constitute hearsay within the meaning of Rule 801(c) of the Federal Rules of Evidence.[3] We will, therefore, admit those documents into evidence.

---

2. *See* Pre-Trial Stipulation ¶'s 1(v) and (vii), 3(B) and 4(B), dated November 22, 1981, and admitted into evidence as Exhibit P–1.

3. Rule 801(c) states:

 (c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

 Fed.R.Evid. 801(c). *See* 4 Weinstein, Evidence ¶ 801(c)[01] at 801–65 to 801–67 (1979).